James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Defendant,
American President Lines, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>            -against-<br><br>M/V CMA CGM VERDI, her engines, tackle, boilers, etc., APL TURQUOISE, her engines, boilers, tackle, etc., AMERICAN PRESIDENT LINES, LTD., HJM INTERNATIONAL, INC.,<br><br>              Defendants. | 08 Civ. 1460 (GBD)<br><br>**ANSWER** |

    NOW COMES Defendants, American President Lines, Ltd. ("APL") by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Federal Insurance Company ("Plaintiff"), and respectfully states upon information and belief:

    1.    Admits that this action is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Court has subject matter jurisdiction pursuant to

28 U.S.C. § 1333, and respectfully refers all questions of law for determination by this Court at the time of trial.

2. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Complaint.

3. Admits that APL was and still is in the business of common carriage by water. Denies the remaining allegations set forth in paragraph "3" of the Complaint with respect to APL. As to those allegations not directed at APL, no response is required.

4. Denies the allegations set forth in paragraph "4" of the Complaint with respect to APL. As to those allegations not directed at APL, no response is required.

5. The allegations set forth in paragraph "5" are not directed at APL, thus no response is required.

6. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "6" of the Complaint.

7. The allegations set forth in paragraph "7" are not directed at APL, thus no response is required. To the extent the allegations set forth in paragraph "7" are directed at APL, the allegations are denied.

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "9" of the Complaint, which in any event fails to meet the requirements of Supplemental Rule for Admiralty and Maritime Claim B(1)(b).

## FIRST AFFIRMATIVE DEFENSE

10. APL alleges, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11.     APL alleges, by way of an affirmative defense, that Plaintiff is not the real party in interest.

## THIRD AFFIRMATIVE DEFENSE

12.     APL alleges, by way of an affirmative defense, that said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bill of lading APLU 063077546 to which Plaintiff agreed to be and is bound.  Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

## FOURTH AFFIRMATIVE DEFENSE

13.     APL alleges, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which APL had no control and/or for which APL cannot be held liable.

## FIFTH AFFIRMATIVE DEFENSE

14.     If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from APL must be denied for its assured's failure to mitigate its damages.  46 U.S.C. App. § 1304.

## SIXTH AFFIRMATIVE DEFENSE

15. APL alleges, by way of an affirmative defense, that Plaintiff is barred as it has assumed all risks inherent in said shipment.

## PRAYER FOR RELIEF

WHEREFORE, APL respectfully requests:

1. The Complaint against APL be dismissed with prejudice and that judgment be entered in favor of APL; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 18, 2008

HOLLAND & KNIGHT LLP

By: _____
James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Telephone: 212-513-3200
Telefax: 212-385-9010
E-mail: jim.hohenstein@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Defendants,
*American President Lines, Ltd.*

TO:

Harold M. Kingsley, Esq.
KINGSLEY, KINGSLEY & CALKINS
91 West Cherry Street
Hicksville, New York 11801
(516) 931-0064
hmk@kingsleyandkingsley
*Attorneys for Plaintiff*

# 5280102_v1

4